UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRUCE L. OXNER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-175 |
| | § | |
| KEITH ROY, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Bruce Oxner is in the custody of the Bureau of Prisons at Three Rivers, Live Oak, Texas.  He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated.  His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Southern District of Alabama.

## I.     JURISDICTION

This action was referred the undersigned Magistrate Judge pursuant to Special Order C-2013-01 for ruling on all non-dispositive motions and making recommendations on dispositive motions consistent with 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.  This Court has jurisdiction pursuant to 28 U.S.C. § 2241.  *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

## II.     BACKGROUND

Oxner was found guilty after a jury trial on the indictment that charged him with interstate transportation of a stolen vehicle and possession of a firearm by a felon in June 1995 in the District Court of the Southern District of Alabama, Cause No. 1:95-cr-00062. He was sentenced to 120 months in October 1995 on Count One and to 360 months on Count Two, as an armed career criminal.  (D.E. 48.)[1]  Oxner appealed to the Eleventh Circuit which affirmed his conviction and sentence in December 1996.  (D.E. 52).

Oxner filed an untimely motion to vacate, set aside or correct sentence in July 2000 that the district court denied on limitations grounds.  (D.E. 53, 55).  Oxner appealed to the Eleventh Circuit Court of Appeals which dismissed his appeal.  (D.E. 60). Oxner filed several other post-conviction motions up through August 2008 but obtained no relief.  (D.E. 61-73).

## III.    PETITIONER'S CLAIMS

Oxner claims his sentencing as an armed career criminal was erroneous because the sentencing court misapplied the categorical approach. He claims the district court determined his previous convictions qualified as violent felonies pursuant to 18 U.S.C. § 924(e) by using documents *Shepherd v. United States*, 544 U.S. 13 (2005), does not permit.  (D.E. 1, p. 2; 14-CV-175).  He claims he is actually innocent of being a career criminal and his sentence was erroneously enhanced above the 10 year maximum

---

[1]  Docket entry references to historical events in the original criminal proceedings are to the Southern District of Alabama proceeding, Cause No. 95-00062.

statutory sentence in 18 U.S.C. § 924(a)(2). He claims the savings clause of § 2241 applies.

## IV.    PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id.* A § 2255 motion must be filed in the sentencing court. *Id.* A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion.  *Id.* at 452;  *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Petitioner's claims are based on the sentence imposed by the Southern District of Alabama district court. Oxner asks this Court to vacate his sentence and remand him for sentencing without his armed career criminal enhancement.  Because Oxner's complaints relate to his sentencing, not to the Bureau of Prisons carrying out of his sentence, Oxner must challenge his sentence in the sentencing court through a § 2255 action.

The only way Petitioner could bring his claim under § 2241 would be to invoke the savings clause of § 2255 by showing § 2255 is inadequate or ineffective to test the legality of his conviction. *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000) (per curiam). The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes 2) Petitioner may have been convicted of a nonexistent offense and 3) the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion. Under that set of circumstances, it can be fairly said the remedy by a successive § 2255 motion is inadequate. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Oxner relies on *Decamps v. United States*, 133 S.Ct. 2276 (2013), he admits it is not a new and retroactive rule of law. (D.E. 1, p. 16). Furthermore, *Descamps* addressed the manner in which prior crimes may be considered for sentencing purposes, rather than determining whether certain conduct is criminal. *Id.* at pp. 2283-86. Because Oxner cannot meet the first element of the tripart test, he cannot successfully invoke the savings clause. Accordingly, it is recommended that Petitioner's cause of

action be dismissed because this Court does not have jurisdiction to consider his § 2255 claim and also because he cannot show § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

## V.    RECOMMENDATION

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be DISMISSED.  It is further recommended that Petitioner's cause of action not be recharacterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255.

Respectfully submitted this 31st day of July, 2014.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).