UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| BRUCE L. OXNER, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-175 |
| | § | |
| KEITH ROY, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Petitioner Bruce L. Oxner's § 2241 habeas petition. D.E. 1. On July 31, 2014, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation ("M&R") recommending that Petitioner's claim be dismissed. D.E. 6. Petitioner timely filed his objections on August 13, 2014. D.E. 7; D.E. 7-1. The Magistrate Judge concluded that the relief requested by Petitioner could only be granted through a § 2255 petition filed in the Southern District of Alabama. Petitioner's objections are set out and discussed below.

First, Petitioner objects to the Magistrate Judge's statement that he admitted in his petition that *Descamps v. United States* was not a new and retroactive rule of law. D.E. 7, p. 1. Petitioner argues that, "[t]o the contrary, Petitioner gave an in depth discussion on how *Descamps* is to be used retroactively, how the first step in *Teague v. Lane* shows the Court that *Descamps* was dictated by precedent and that *Descamps* applies to all cases, whether on direct or collateral review." *Id.* Furthermore, Petitioner points out that the Department of Justice has issued a nationwide directive instructing federal

prosecutors to refrain from stating that *Descamps* is not retroactive on collateral review. *Id.*

As set out in the M&R, whether the *Descamps* decision is new and retroactive is relevant to Petitioner's invocation of the savings clause of § 2255. The Petitioner must first show that the claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense . . . ." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The Court finds that the Magistrate Judge was correct in concluding that *Descamps* does not apply retroactively on review. *Whittaker v. Chandler*, 574 F. App'x 448, 449 (5th Cir. 2014) (unpublished per curiam) (holding in the context of the § 2255 savings clause that *Descamps* is not a retroactively available Supreme Court decision). The Supreme Court has stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (quotation marks omitted).

"The Supreme Court was clear in *Descamps* that its holding was 'dictated' by established precedent." *United States v. Chapman*, 2014 WL 1931814, *4 (S.D. Tex. May 14, 2014). Consequently, courts have held consistently that *Descamps* does not apply retroactively to cases on collateral review. *Romero-Coronado v. United States*, 2014 WL 3795952, at *3 (N.D. Tex. Aug. 1, 2014); *Reeves v. United States*, 2014 WL 3513196, at *2 (W.D. Tex. July 11, 2014); *Valencia-Mazariegos v. United States*, 2014 WL 1767706, at *3 (W.D. Tex. May 1, 2014); *Cook v. United States*, 2014 WL 3809052, at *2 (N.D. Tex. July 31, 2014). Thus, this Court finds no error in the Magistrate Judge's

conclusion that Petitioner has not shown that he is entitled to invoke the savings clause of § 2255, a prerequisite to prosecuting this § 2241 proceeding. Accordingly, Petitioner's first objection is **OVERRULED**.

Petitioner's second objection is predicated on his argument that, applying *Descamps* retroactively, the Alabama district court, contrary to the categorical approach, considered a police report in determining that his previous conviction qualified as a violent felony pursuant to 18 U.S.C. § 924(e). D.E. 7, pp. 1-2. This "was a fundamental miscarriage of justice since Petitioner was sentenced to a non-existent offense." D.E. 7, p. 2. Because *Descamps* does not apply here, this Court will not address this argument. Petitioner's second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Petitioner's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Petitioner's § 2241 habeas petition is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 10th day of November, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE